IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 3:20cr57/MCR

RAY ANTONIO MANUEL, JR.
_____/

### GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully submits the following sentencing memorandum. The defendant contends his Total Offense Level and Criminal History Category score should be lower than calculated by the Probation Office, thereby reducing his calculated guideline imprisonment range. As is shown below, the defendant's Criminal History Category is properly set at a level VI. The government contends that the calculations in the Final Presentence Report are correct and no additional adjustments are warranted. However, even if this Court adjusts the defendant's offense level or criminal history category, his ultimate sentence should be no less than the statutory maximum of 120 months imprisonment based on his conduct and extensive criminal history, much of which was not counted for sentencing purposes.

Sentencing Facts

1.  The Probation Office has filed the Final Presentence Report (PSR), which resolved the defendant's objections related to obstruction of justice and acceptance of responsibility. As adjusted, the defendant's Total Offense Level is 25. (PSR ¶ 49).

2.  The Probation Office assessed 17 criminal history points for the defendant's convictions in seven cases, which set his Criminal History Category at VI. (PSR ¶¶ 61, 62, 63, 65, 67, 68, 69, & 71). No adjustments were made to the defendant's criminal history in the final Presentence Report. (PSR ¶¶ 149-151).

3.  With at Total Offense Level of 25 and Criminal History Category of VI, the defendant's calculated guideline imprisonment range is set at 110 to 137 months, although capped at 120 months due to the statutory maximum. (PSR ¶ 15).

4.  The defendant's unresolved objection related to his Total Offense Level involves the 4-level increase assessed for use or possession of a firearm or ammunition in connection with another felony offense pursuant to USSG § 2K2.1(b)(6)(B). (Doc. 35, p. 6). He objects to using the facts related to the February drive-by shooting to support this enhancement, noting that the state charges related to that offense were dismissed. (*Id.*). Contrary to the defendant's argument, this assessment is proper, as reiterated by the Probation Office in the

final PSR at paragraphs 147 and 148.  This increase is supported by the defendant's possession of a firearm in connection with the February drive-by shooting, as well as his use of a firearm in connection with multiple felonies committed on March 18, 2020, which further supports the assessment of 4 levels pursuant to USSG § 2K2.1(b)(6)(B).

5.  Regarding the criminal history calculation, the defendant argues that his criminal history category was improperly calculated because, he claims, multiple offenses that were "functionally consolidated" were erroneously counted separately.  (Doc. 35, pp. 6-8; Doc. 36).  Pursuant to U.S.S.G. § 4A1.2(a)(2), the defendant's prior sentences, though consolidated for sentencing in state court, were properly scored as separate offenses because each was committed after an intervening arrest.

Memorandum of Law

*Offense Level*

When a defendant is charged with an offense related to unlawful possession of a firearm or ammunition, the Sentencing Guidelines provide for a 4-level increase in the offense level if the defendant used or possessed any firearm or ammunition in connection with another felony offense.  U.S.S.G. § K2.1(b)(6)(B). In the Commentary, Application Note 14 explains that subsection (b)(6)(B) applies if the firearm or ammunition facilitated, or had the potential to facilitate, another

felony offense.  USSG § 2K2.1(b)(6)(B), comment. (n.14A).  The Commentary further explains that "another felony offense" means any federal, state, or local felony offense, other than the explosive or firearms possession or trafficking offense, regardless of whether a criminal charge was brought, or a conviction obtained.  USSG § 2K2.1(b)(6)(B), comment. (n.14C).

The evidence in this case shows that a car matching the description of the one the defendant drove on March 18, 2020, was used in a drive-by shooting on February 18, 2020.  (PSR ¶¶ 13, 17).  Phone records established that on the night of the shooting, the defendant's phone made two telephone calls from the area where the shooting took place.  (PSR ¶ 24).  Laboratory testing confirmed that the shell casings found at the scene of the drive-by shooting and in the defendant's car in March were fired by the firearm the defendant carried on March 18, 2020, while fleeing from law enforcement.  (PSR ¶¶ 25-28).  The deputy who chased the defendant by car and on foot in March positively identified the defendant as the driver of the car.  (PSR ¶¶ 17-20).  In addition to the circumstantial evidence establishing the defendant possessed a firearm connection with the February drive-by shooting, the evidence also establishes he possessed a firearm in connection with the charged state felony offenses listed in PSR ¶ 74, including Resisting an Officer Without Violence.  Because the evidence establishes by a preponderance that the defendant used or possessed a firearm in connection with multiple other

felony offenses, the 4-level increase was properly assessed.

*Criminal History Calculation*

The Sentencing Guidelines direct that when computing criminal history, if the defendant has multiple prior sentences, we must first determine whether those sentences are counted separately or treated as a single sentence. U.S.S.G. § 4A1.2(a)(1) and (2). Section 4A1.2(a)(2) further directs that prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest, that is, the defendant was arrested for the first offense prior to committing the second offense. U.S.S.G. § 4A1.2(a)(2).

In this case, the probation officer assessed 17 criminal history points. (PSR ¶ 71). According to the Sentencing Table, 13 or more criminal history points sets a criminal history category of VI. The PSR shows the following offense were scored and totaled at 17 criminal history points:

¶ 61- arrested March 9, 2006, posted bond (3 points);
¶ 62- FTA 6/12/06; arrested on capias July 13, 2006, posted bond (3 points);
¶ 63 - arrested May 15, 2006, posted bond (3 points);
¶ 65 - arrested June 23, 2006, posted bond (3 points);
¶ 67- arrested October 14, 2009, posted bond (1 point);
¶ 68 – arrested November 21, 2009, posted bond 12/18/ 2009 (3 points);
¶ 69 – arrested May 4, 2010, posted bond (1 point).

The defendant contends he should be assessed a total of only three points for the convictions in paragraphs 61, 62, 63, and 65 because they were consolidated for sentencing. (Doc. 35, p. 6). He likewise contends the convictions in

paragraphs 67, 68, and 69 should be assessed only three points because they also were consolidated for sentencing. (Doc. 36, pp. 2-4). He concludes then that his total criminal history points would be six resulting in a criminal history category of III rather than VI. (Doc. 36, p. 5).

The defendant's argument overlooks the command in the first part of U.S.S.G. § 4A1.2(a)(2), which directs that prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest. U.S.S.G. § 4A1.2(a)(2). In *United States v. Denson*, 749 Fed.Appx. 948, 949 (11th Cir. 2019), the defendant appealed his sentence, arguing the district court erred in counting separately his two prior convictions because he was sentenced for both on the same day. On appeal, the court examined the defendant's sentence guided by U.S.S.G. § 4A1.2(a)(2) and affirmed the district court. *Id.* The *Denson* Court noted that the undisputed record showed that after Denson's arrest on the first marijuana offense, five months passed before he committed and was arrested for the second marijuana offense. *Id.*, pp. 949-50. The court found the district court properly counted the prior offenses separately because the offenses were separated by an intervening arrest. *Id.*, p. 950; *see United States v. Reed*, 830 F.3d 1, 5 (1st Cir. 2016) (§ 4A1.2(a)(2) regarding condition B, consolidation for sentencing, applies only if there is no intervening arrest between the predicate offenses).

Here the record establishes there were intervening arrests between the offenses assessed criminal history points. Because U.S.S.G. § 4A1.2(a)(2) directs that such offenses are always counted separately, the Probation Office properly counted them separately and assessed criminal history points for each. Therefore, the defendant's criminal history category must remain at VI.

Finally, even if the defendant's guideline range is lowered due to adjustments in his offense level or criminal history category, the defendant's sentence should be no lower than the 120-month statutory maximum. The defendant's history and characteristics show a pattern of violence and firearm possession insufficiently accounted for in his scored criminal history.

WHEREFORE, the government respectfully requests the Court consider the foregoing memorandum in sentencing the defendant.

    Respectfully submitted,

    JASON R. COODY
    Acting United States Attorney

    */s/ Nancy J. Hess*
    NANCY J. HESS
    Assistant United States Attorney
    Florida Bar No. 0607169
    21 East Garden Street, Suite 400
    Pensacola, Florida 32502
    (850) 444-4000
    Nancy.Hess@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF electronic filing to Donald M. Sheehan, attorney for the Defendant on this 16th day of April, 2021

        */s/ Nancy J. Hess*
        NANCY J. HESS
        Assistant United States Attorney